PANELA *v.* CASTILE MINING CO.

1. MASTER AND SERVANT—PLEADING — MINES AND MINING — DEC-
LARATION.

On demurrer to plaintiff's declaration for negligent injuries,
the pleading was sufficient where it alleged that while in de-
fendant's employ as a miner, he was injured by an explosion,
that the defendant employed three shifts of men, and it was
necessary that each shift be warned of dangerous conditions
created by previous shifts, and that if an explosion was about
to occur it was necessary to furnish a means of escape by
promptly hoisting the miners out of the shaft, with the appli-
ance used for that purpose, that defendant failed to maintain
its hoisting machinery in fit condition for such purpose, and
omitted to use sufficient diligence in responding to plaintiff's
signals to hoist the crew to a place of safety, and failed to
warn them of an explosion laid by a preceding crew of min-
ers.[1]

2. SAME—SUFFICIENCY OF SYSTEM—DEMURRER.

But if plaintiff claimed that the system installed in the mine
to raise and lower the employés was unsuitable to the require-
ments of the business, the pleading should so aver, and should
specifically point out its defects.

Certiorari to Gogebic; Cooper, J. Submitted Febru-
ary 28, 1911. (Docket No. 142.) Decided March 31,
1911.

Case by Jacob Panela against the Castile Mining Com-
pany for personal injuries. A judgment overruling a
demurrer to a part of plaintiff's declaration, is reviewed
by defendant on writ of certiorari. Affirmed.

*Belmont Waples* (*William F. Shea*, of counsel), for
appellant.

*O'Brien & Le Gendre* and *George O. Driscoll*, for
appellee.

[1] As to master's duty to warn servant, see note in 44 L. R. A. 33.

OSTRANDER, C. J.   The plaintiff declared against the defendant in an action on the case, the declaration containing two counts.   To the second count the defendant pleaded the general issue.   To the first count it demurred and assigned as grounds of demurrer:

" (1) That said declaration does not state wherein and what part or parts of the hoisting machinery, apparatus, appliances, contrivances, or devices of said defendant, by means of which the plaintiff was to be promptly, expeditiously, and safely hoisted and conveyed through defendant's shaft or to a place or places of safety, were not reasonably safe, proper, or reliable for that purpose, as stated upon page 5 of said declaration.

" (2) That said declaration does not state wherein and what part or parts of said hoisting machinery, apparatus, appliances, contrivances, or devices were not reasonably safe, suitable, sufficient, adequate, or reliable by reason of being old, weak, worn, broken, and of insufficient strength and power to enable plaintiff to be promptly hoisted and conveyed through said shaft to a place or places of safety, as stated upon page 5 of said declaration.

" (3) That said declaration does not state wherein and what part or parts of the signaling machinery, apparatus, appliances, contrivances, or devices were not reasonably suitable, reliable, sufficient, adequate, or proper with which to signal for the plaintiff to be so hoisted, as stated upon page 5 of said declaration.

" (4) That said declaration does not state wherein and what parts of said signaling machinery, etc., had become unreasonably old, weak, broken, of insufficient strength and power to enable plaintiff or the other employés of said defendant to signal properly for prompt hoisting through said shaft, as stated upon pages 5 and 6 of said declaration.

" (5) That said declaration does not state wherein and in what particulars said defendant negligently, carelessly, and recklessly conducted itself in and about the care, management, and control of said hoisting and signaling machinery, apparatus, and devices so as to cause plaintiff's injury, and wherein said defendant did not use or exercise any reasonable care, skill, or diligence for the safety or protection of said plaintiff and other employés, and wherein it unnecessarily exposed them to the perils, dangers, and hazard of being killed or injured in consequence of

the explosion of highly dangerous and explosive sub-
stances in said shaft, and wherein it failed to use and
exercise ordinary care for his and their safety and protec-
tion from such perils, hazards, and dangers, as stated
upon page 6 of said declaration.

"(6) That said declaration does not state wherein and
in what manner the defendant was negligent in allowing,
permitting, suffering, and causing said explosives to be
left hidden, concealed, and obscured in said shaft by a
member of one of the crews other than the crew in which
plaintiff was working, in said shaft, as stated upon page 6
of said declaration."

The demurrer was overruled, whereupon the defendant
sued out a writ of certiorari to review the order and de-
termination of the trial court. The averments in the
first count in the declaration are, in substance, that de-
fendant was engaged in mining ore in a mine which, at
the time in question here, had various levels, so called,
below the surface of the earth about 100 feet distant from
each other, and a shaft, called No. 3 shaft, which was a
compartment incline shaft 9 by 20 feet in two dimensions,
and 1,200 feet long from its top or collar to the bottom or
other end, having no ladder way or ladders. The man-
ner or means of conveying men and material to the sev-
enth level of the mine and of carrying ore, etc., from
this level to the surface was by a hoisting apparatus, con-
structed on the surface and in the shaft. Defendant em-
ployed and worked at this level in the mine three shifts of
men, to one of which shifts plaintiff, a miner, with little
experience in mining belonged. These shifts succeeded
each other at work, each taking up the work at the point
to which the last shift had carried it. Neither shift nor
crew of men—

"Could see or know what had been done in said shaft
by any of such other crews unless they were specially
notified and warned thereof by some person or persons
other than their respective members."

Defendant furnished and required the use of powerful
explosives—

"And it was necessary for the safety and protection of said crews * * * that they and each of them should be specially warned and informed of any dangerous or perilous substances or conditions left or existing in said shaft * * * at the time such respective crews * * * began each shift therein, and especially of any explosives which were left in or about said shaft at the end of any shift by members then leaving work therein."

It was also necessary—

"That reasonably sound, safe, reliable, and trustworthy hoisting apparatus, devices, machinery, and appliances, and signaling apparatus and appliances, should be furnished, provided, kept, and maintained by defendant to enable them to promptly and safely withdraw themselves from said shaft in case of danger to them arising therein from any cause, and that defendant should use and exercise reasonable care, skill, diligence, and promptness in and about the hoisting them out of said shaft, and especially to promptly hoist them, and each of them, out of said shaft in case their lives or limbs were in danger by explosion in or about said shaft."

Various duties of defendant, the nature of which have been indicated, are alleged, and breaches are assigned as follows:

"That the defendant did not perform its said duties, or any of them, and did not use and exercise reasonable care or diligence to furnish, supply, provide, or maintain for the use of said plaintiff and said other members of said crews reasonably safe, suitable, reliable, sufficient, or adequate hoisting or signaling machinery, apparatus, appliances, contrivances, or devices with, in, and by means of which to signal and be promptly, expeditiously and safely hoisted and conveyed through said shaft, or to a place or places of safety, in case of danger therein, or otherwise, and furnished, supplied, maintained, provided, and used for the purpose of conveying plaintiff and said other members of said crews through said shaft, and for the purpose of signaling to be so hoisted, hoisting and signaling machinery, apparatus, appliances, contrivances, and devices which were not reasonably safe, fit, proper, or reliable for that purpose, and which the defendant had allowed, permitted, and caused to become and be old, weak, worn, broken, and of insufficient strength and power to enable

him or them, in case of danger in said shaft, to signal and be promptly hoisted and conveyed through said shaft to a place or places of safety, and did not use or exercise reasonable care, skill, diligence, or alacrity in responding to divers signals to hoist him and them through said shaft given by plaintiff and said crew of which he was a member, for the purpose of being hoisted from said shaft to a place or places of safety, when he and they were in imminent peril and danger of being killed and injured by an explosion therein, on the day and year hereinafter mentioned; and so negligently, carelessly, and recklessly conducted itself in and about the care, management, and control of said hoisting and signaling machinery, apparatus, appliances, contrivances, and devices, on and before said last-mentioned day, as to cause and occasion the injury of the plaintiff as hereinafter alleged and set forth, and did not and would not on said last-mentioned day use or exercise any reasonable care, skill, or diligence for the safety or protection of the plaintiff and said other members of his said crew; and on said last-mentioned day unnecessarily exposed plaintiff and said other members of said last-mentioned crew to the perils, danger and hazard of being killed and injured by reason and in consequence of the explosion of highly dangerous and explosive substances, to wit, powder and dynamite, in said shaft, when by the use and exercise of ordinary care for his and their safety and protection it could have protected him and them from such peril, hazard, and danger, and avoided his and their injury from said explosives, and on and previous to said last-mentioned day defendant allowed, permitted, suffered, and caused certain highly dangerous and powerful explosives, to wit, powder and dynamite, to be left hidden, concealed, and obscured in said shaft by one of said crews, or some member or members thereof, who were working in said shaft as aforesaid, other than the crew in which plaintiff was then and there working as aforesaid, and failed and omitted to notify, warn, or inform the plaintiff thereof, and allowed, permitted, and caused the plaintiff to be kept in ignorance thereof, and to be subjected and exposed to the danger of being killed, maimed, and injured in consequence of an explosion of such powder and dynamite, and the plaintiff alleges that each and all of the acts and omissions of defendant in this paragraph mentioned, alleged, and set forth were done, performed, and took place and occurred under such circumstan-

ces as to render each and all of them wrongful, careless, negligent, and reckless, on the part of the defendant, and the plaintiff relies upon each and all of them as grounds of recovery herein."

The manner in which plaintiff was injured is described in the following language:

"On August 17, 1909, while the plaintiff was engaged in the performance of his duties, under his said employment, and was in or about said shaft at or near the bottom thereof, and was excusably ignorant and unaware of each and all of the wrongful, careless, negligent, and reckless acts and omissions of the defendant, and while plaintiff was in the exercise of all due care and caution for his own safety, and without any fault or negligence on the part of the plaintiff, and as a proximate consequence and result of each and all of the said wrongful, careless, negligent, and reckless acts and omissions of the defendant, before plaintiff could escape from the place last aforesaid a great explosion of, to wit, powder and dynamite, took place in said shaft, and caused a great and violent concussion therein and hurled and threw therein great quantities of rock, earth, and other matter and violently blasted and struck the plaintiff and knocked him with great force and violence to the ground."

It will be noticed that the breaches of duty assigned are in no manner aided by allegations of plaintiff's conduct upon the particular occasion beyond this: That it is alleged that defendant did not respond promptly to divers signals given by plaintiff and said crew, indicating that they wished to leave the level and be hoisted through the shaft. The allegations of duty and of breaches of duty are most of them very general, so much so that a purpose to avoid specification is indicated. With regard to the hoisting apparatus, the declaration appears upon analysis to be sufficient to warrant the introduction of testimony and to support a recovery in accordance with the following construction which we place upon the language employed. The defendant had furnished a single method of conveying men to and from the seventh level of the mine. A part of the apparatus and machinery was the one for

signaling, by the use of which men in the mine might convey to others on the surface -notice of a desire to be taken from the mine or from the particular level. It was the duty of defendant to maintain all of this apparatus and machinery in a condition suitable to prompt action and service, and a duty to promptly respond to signals indicating that the men on the seventh level desired to leave that level. Proper signals were given, or were attempted to be given, by means of the apparatus provided, upon the occasion in question, by plaintiff or by some of the men with whom he was employed. They were not responded to. The failure to respond contributed to plaintiff's injury, because he was thereby prevented from avoiding or escaping the results of an explosion. The failure to respond was due to some fault, defect in, or some failure of the machinery and apparatus described. We think plaintiff is not required to point out the particular fault, defect, or cause of failure. He could not be reasonably expected to know whether the signals were received at the surface—whether the apparatus for signaling failed, or whether an employé disregarded them if received, or whether in attempting to send the cage, or car, for the men, in answer to the signals, some part of the other machinery or apparatus was found to be defective or otherwise at fault. But this construction is the one to which plaintiff should be limited in the introduction of testimony, and indicates the issue presented by the pleading to which plaintiff is restricted. If he claims that the system installed at the mine to raise and lower the men is an unsuitable one, he should so aver and point out the fault. Under this declaration, a jury cannot be permitted to find generally that some other arrangement is or would have been better than the one in use at the particular time, if that in use was in a reasonably proper condition to do what it was expected and required to do when such signals were given, or when the apparatus was used for signaling. With the construction we place upon it, the declaration is within the reasoning and the rule of *Cristan-*

*elli* v. *Saginaw Mining Co.*, 154 Mich. 423 (117 N. W. 910). The first five grounds of demurrer are not well assigned.

It is averred, in substance, that each shift used explosives and that it was necessary to the safety of the men to warn (notify) them if the men of any other shift left fuse and explosives in the place where work was to be carried on. The duty of defendant to so notify or warn the men is averred. The alleged breach of this duty is hereinbefore set out. It will be observed that in the clause in which breaches of duty are assigned is the further statement that—

" On and previous to said last-mentioned day defendant allowed, permitted, suffered, and caused certain highly dangerous and powerful explosives   *   *   *   to be left hidden, concealed, and obscured in said shaft by one of said crews, or some member or members thereof,   *   *   * other than the crew in which plaintiff was then and there working as aforesaid, and failed and omitted to notify, warn, or inform the plaintiff thereof, and allowed, permitted and caused the plaintiff to be kept in ignorance thereof, and to be subjected and exposed to the danger of being killed   *   *   *   in consequence of an explosion of such powder and dynamite.   *   *   * "

These various statements and allegations do not enlarge the meaning which we have given to all of the allegations taken together. All crews used explosives. It was the duty of defendant to notify plaintiff if the members of another crew left explosives in the shaft, because, if such notification was not given, there would exist an unknown, and perhaps undiscoverable, hazard to which plaintiff should not be exposed. This is the reasonable meaning.

As we construe the language of the declaration, it is certain to a common intent. It is not so certain with any other construction. We affirm the judgment of the court below.

McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.